**United States Bankruptcy Court**
**District of Puerto Rico**

IN RE:                                                           Case No. **09-09634-13**

ROFFE ATTIAS, VICTOR & PIKET HOFFMAN, CAROLINE JULIE     Chapter **13**
                                   Debtor(s)

## AMENDED CHAPTER 13 PAYMENT PLAN

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee ☑ directly ☐ by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.

PLAN DATED: **5/21/2010**                               ☐ AMENDED PLAN DATED: _____
☑ PRE ☐ POST-CONFIRMATION                 Filed by: ☐ Debtor ☐ Trustee ☐ Other

### I. PAYMENT PLAN SCHEDULE

$ **300.00** x **60** = $ **18,000.00**
$ ___ x ___ = $ ___
$ ___ x ___ = $ ___
$ ___ x ___ = $ ___
$ ___ x ___ = $ ___

                       TOTAL: $ **18,000.00**

Additional Payments:
$ **70,800.00** to be paid as a LUMP SUM within **18 months** with proceeds to come from:

☐ Sale of Property identified as follows:

☑ Other:
**LUMP PAYMENT TO COME FROM THE REFINANCING OF DEBTORS' RESIDENTIAL PROPERTY**
Periodic Payments to be made other than, and in addition to the above:
$ ___ x ___ = $ ___

        PROPOSED BASE: $ **88,800.00**

### III. ATTORNEY'S FEES
(Treated as § 507 Priorities)

Outstanding balance as per Rule 2016(b) Fee Disclosure Statement: $ ___

Signed: **/s/ VICTOR ROFFE ATTIAS**
        Debtor

        **/s/ CAROLINE JULIE PIKET HOFFMAN**
        Joint Debtor

### II. DISBURSEMENT SCHEDULE

A. ADEQUATE PROTECTION PAYMENTS OR ___ $ ___
B. SECURED CLAIMS:
☐ Debtor represents no secured claims.
☑ Creditors having secured claims will retain their liens and shall be paid as follows:
1. ☑ Trustee pays secured ARREARS:
Cr. **DORAL BANK**     Cr. ___     Cr. ___
# **8307216**           # ___           # ___
$ **435.00**          $ ___          $ ___
2. ☐ Trustee pays IN FULL Secured Claims:
Cr. ___     Cr. ___     Cr. ___
# ___          # ___          # ___
$ ___          $ ___          $ ___
3. ☐ Trustee pays VALUE OF COLLATERAL:
Cr. ___     Cr. ___     Cr. ___
# ___          # ___          # ___
$ ___          $ ___          $ ___
4. ☐ Debtor SURRENDERS COLLATERAL to Lien Holder:

5. ☐ Other:

6. ☑ Debtor otherwise maintains regular payments directly to:
**DORAL BANK**

C. PRIORITIES: The Trustee shall pay priorities in accordance with the law. 11 U.S.C. § 507 and § 1322(a)(2)
D. UNSECURED CLAIMS: Plan ☐ Classifies ☑ Does not Classify Claims.
1. (a) Class A: ☐ Co-debtor Claims / ☐ Other: ___
                ☐ Paid 100% / ☐ Other: ___
Cr. ___     Cr. ___     Cr. ___
# ___          # ___          # ___
$ ___          $ ___          $ ___
2. Unsecured Claims otherwise receive PRO-RATA disbursements.

OTHER PROVISIONS: *(Executory contracts; payment of interest to unsecureds, etc.)*
**See Continuation Sheet**

---

Attorney for Debtor **JIMENEZ - QUINONES LAW OFFICES**          Phone: **(787) 282-9009**

AMENDED CHAPTER 13 PAYMENT PLAN

# AMENDED CHAPTER 13 PAYMENT PLAN
## Continuation Sheet - Page 2 of 2

1. DEBTORS ASSUME THE FOLLOWING:

    A. UNEXPIRED LEASE WITH POPUILAR AUTO OF THE 2004 HONDA ODYSSEY IS HEREBY ASSUMED BY DEBTOR, NO ARREARS AS OF THE DATE OF THIS PLAN. DEBTORS WILL MAINTAIN REGULAR DIRECT PAYMENTS ON THE LEASE. (POC 6-1).

2. DEBTORS REJECT THE FOLOWING LEASES:

    A. 2004 HONDA PILOT UNEXPIRED LEASE WITH POPUAL AUTO, VOLUNATRILY RETURNED TO POPULAR AUTO IN APRIL 2010. (POC 7-1).

    B. UNEXPIRED LEASE WITH POPULAR AUTO, 2005 TOYOTA ECHO, WAS PAID IN-FULL WITH PROCEEDS OF INSURANCE STEMMING FROM TOTAL LOSS OCCURED IN MARCH 2010. (POC 9-1).

    C. UNEXPIRED LEASE WITH POPULAR AUTO, 2006 SUBARU TYRIBECA, EXTINGUISHED UPON PAYMENT IN-FULL BY INSURANCE AS THE RESULT OF TOTAL LOSS DUE TO AN ACCIDENT. TOTAL LOSS IN MARCH 2010. PAID IN-FULL DIRECTLY TO CREDITOR BY INSURANCE CO. THE TRUSTEE WILL NOT PAY ANY DIVIDENDS ON ACCOUNT OF THIS CLAIM FROPM THE PLAN'S FUNDS. (POC 8-1).

3. GUAYNABO PR COMMERCIAL: 2001_COMMERCIAL LEASE DEFICIENCY SETTLETMENT WITH PERSONAL GUARANTEE. SUBORDINATED TO THE TREATMENT IN THE BANKR. CASE OF "EL TELAR FRANCHISE, CORP." CHAPTER 11 CASE NO. 09-07554, CONSOLIDATED UNDER CHAPTER 11 CASE NO. 09-07553. (POC 1-1)

4. UNITED SURETY & INDEMNITY CO. : JUDGMENT ISSUED ON 13/OCT/2009 BY THE SAN JUAN COURT OF FIRST INSTANCE, CASE NO. K1CD2007-1737 (603). SUBORDINATED TO THE TREATMENT IN THE BANKR. CASE OF EL TELAR, INC. CHAPTER 11 CASE NO. 09-07553. (POC 2-1)

5. BPPR (POC 3-1) - COLLECTION OF MONEY ON LINCE OF CREDIT OF MAXXIMA UNIFORMS, INC., WITH PERSONAL GUARANTEE OF PETITIONING DEBTOR AND SPOUSE. CASE NO. KCD2009-2842, TRIBUNAL OF FIRST INSTANCE OF PR, SAN JUAN SUPERIOR COUTROOM. SUBORDINATED TO THE TREATMENT IN THE BANKR. CASE OF "MAXXIMA UNIFORMS INC.." BANKR. CASE NO. 09-07556, CONSOLIDATED UNDER CHAPTER 11 CASE NO. 09-07553.

6. WESTERN BANK : COLLECTION OF MONEY AND FORECLOSURE OF MORTGAGE ACTION, CASE NO. DCD2009-0626 (505), TRIBUNAL OF FIRST INSTANCE OF PR, BAYAMON ROOM. OBLIGATION OF VIRR DEVELOPMENT, S.E., WITH THE PERSONAL GUARANTEE OF DEBTOR. WESTERN BANK HAS A COMMERCIAL REAL PROPERTY AS COLLATERAL, PROPERTY OF VIRR DEVELOPMENT, S.E., WHEREFORE THIS CLAIM IS SUBORDINATED TO WESTERNBAK'S RECOVERY FROM VIRR DEVELOPMENT, S.E. THE CASE IS PENDING. (POC 13-1)

7. ANY INCOME TAX REFUNDS TO BE RECEIVED DURING THE LIFE OF THE PLAN WILL BE DEVOTED TO THE PLAN IN ADDITION TO THE BASE TOTAL, INCREASING THE BASE ACCORDINGLY, WITHOUT THE NEED TO FURTHER AMEND THE PLAN. DEBTORS SHALL NOT USE THOSE REFUNDS WITHOUT PREVIOUS AUTHORIZATION OF THE COURT.

8. NO OUTSTANDING RULE 2016 ATTORNEY'S FEES.

--------------------------

TWENTY-EIGHT (28) DAYS NOTICE TO PARTIES IN INTEREST:

    WITHIN TWENTY EIGHT (28) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATION, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(F) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THE FOREGOING PLAN WITH THE CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE PAPER WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (I) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (II) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (III) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE. FED. R. BANKR. P. 2002 (B) AND LBR 9013-1.