IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

VICTOR ROFFE ATTIAS
CAROLINE JULIE PIKET HOFFMAN

*Debtors*

CASE NO. 09-09634-SEK

CHAPTER 13

## OBJECTION TO CLAIM NUMBER THREE (3) BY CREDITOR BANCO POPULAR DE PUERTO RICO OF CLAIM AND NOTICE OF OPPORTUNITY FOR HEARING

TO THE HONORABLE COURT:

COME NOW the above captioned petitioners, through the undersigned counsel and very respectfully allege, state and pray as follows:

1. **BANCO POPULAR DE PUERTO RICO** (claimant) has filed Proof of Claim No. Three (3), unsecured, in the amount of $446,856.56.

2. The debtors object to the claim filed by claimant for the reasons expressed in this motion.

3. The debtors object to the allowance of the said claim on the basis that it is treated for payment in-full in El Telar Inc.'s Chapter 11 Plan of Reorganization, under lead Case No. 09-07553.[1] Article V—Treatment of Claims and Interests under the Plan, at page four, second row, states—

| Class | Impairment | Treatment |
|---|---|---|
| Class 2-Secured Claim Banco Popular | Impaired | A $40,000 yearly payment commencing this August 2010. This payment will be done consecutively in five years. At the sixth year, the Debtor shall negotiate the remaining balance of $207,395.00 with Banco Popular. |

4.

---

[1] Joint petitioner Victor Roffe Attias is President of El Telar Inc. (Case NO. 07-07553), El Telar Franchise Corp. (Case No. 09-07554), and Maxxima Uniforms, Inc. (Case No. 09-07556); as substantive consolidated.

5. Claimant accepted the treatment of its claim under El Telar, Inc.'s plan, which was confirmed on June 30, 2010. Its payment in full treatment either relieves the herein joint petitioning husband of the payment of said obligation or subordinates his obligation for the duration of the Chapter 11 Plan, and its subsequent negotiation with El Telar, Inc.

6. Otherwise, the administration of this claim would not be practicable in both cases.

**WHEREFORE**, the debtors pray of the Court as follows:

A. That the Court disallows claimant's proof of claim number three (3).

B. Otherwise, that said claim be subordinated to its payment in-full treatment accepted by the herein claimant under the related consolidated Chapter 11 cases.

C. That the debtors have such other and further relief as the Court may deem just and proper.

## NOTICE OF OPPORTUNITY FOR HEARING

**PLEASE TAKE NOTICE** that unless claimant files a response to this objection and request for hearing in writing with the Clerk of the Court and with a copy to the undersigned within THIRTY (30) DAYS from the date of this objection, this objection may be sustained by the Court without further notice or hearing. If claimant concurs with the above objection, no action need be taken. However, if a timely objection is filed, the hearing on this objection and claimant's opposition will be held on October 16, 2010 at 11:00 a.m.

## CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sent a notification of such filing to: JOSE RAMON CARRION MORALES, ESQ., Chapter 13 Trustee. Furthermore, I hereby certify that I mailed this document by First Class Mail postage prepaid to:

- BANCO POPULAR DE PUERTO RICO, c/o MIGDALIA EFFIE GUSAP, ESQ., Special Loans, PO Box 362708, San Juan PR 00936-2708.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this date: September 7, 2010.

S/JOSE L. JIMENEZ QUINONES
Jose L. Jimenez Quinones, Esq.
USDCPR 203808
268 AVE. PONCE DE LEON
Suite 1118
San Juan, P.R. 00918-2007
TEL: 787-282-9009
FAX: 787-731-5721
jimenezlawoffice@gmail.com
jljimenez11@gmail.com